UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 12  P 4: 56

| | | |
|---|---|---|
| ERIC ATKINSON | : | PRISONER |
| | | 3:01CV1971(PCD)(JGM) |
| v. | : | |
| KEVIN SCHIBI, ET AL | : | DECEMBER 10, 2003 |

### OBJECTION TO MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER AND OBJECTION TO MOTION IN LIMINE AND OBJECTION TO "BRING BACK CLAIMS"

The defendants remaining in the above-captioned matter hereby object to the plaintiff's Motion to Compel dated November 20, 2003. The plaintiff claims that "The defendants did not provide any of the documents they claimed were attached to the first set of Interrogatories." The defendants attach to this objection the set of documents previously sent to plaintiff. The plaintiff is now receiving a second set of these documents by certified copy of this objection.

The defendants likewise move for a Protective Order from further discovery by the plaintiff. The plaintiff has now submitted to the defendant Kevin Schibi a document entitled "Request for Admissions". See attached. This document is not a Request for Admissions, but is rather a series of Interrogatories. He also submits a "Second Set of Interrogatories and Requests for Documents". See attached. **Several of the questions in these newly filed Interrogatories are completely repetitive of previous questions, and the rest are responded to in the previous responses.** Clearly, the plaintiff is engaging in recreational litigation intended to annoy and harass the defendants and their counsel.

Further evidence of plaintiff's cavalier attitude towards this process is that, in addition to the "Request for Admissions" submitted to the defendant Schibi, he also submits "Request for

Admissions" to Rex, the dog involved in the cell extraction that is the subject of this lawsuit. See attached.

The plaintiff also now submits a request for production of documents dated November 12, 2003 and received by the undersigned counsel on December 1, 2003 seeking medical documents with regard to his medical claim that has already been dismissed. See attached. Again, the plaintiff seeks to abuse the discovery process.

The defendants have no objection to any extension of time the plaintiff seeks.

The defendants do object to plaintiff's "Emergency Motion in Limine" seeking to exclude information regarding the plaintiff from being introduced into evidence at trial. The plaintiff's motion fails to take into account the Federal Rules of Evidence regarding prior convictions and bad acts. Also, the plaintiff's behavior leading up to the cell extraction which is the subject of this lawsuit is admissible as it goes to the state of mind of the defendants, which is critical in an excessive force claim.

The defendants likewise object to plaintiff's motions[1] seeking to reinstitute claims previously dismissed by this Court in its well-reasoned decision on the defendants' Motion to Dismiss. He cites no good reason why the Court should reverse itself in this matter.

---

[1] One such motion is entitled "Emergency Request Motion Requesting the Court to allow the Defendants to Bear the Burden of Their own Shadiness".

DEFENDANTS
Kevin Schibi, et al


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:  _____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591


### **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of December 2003:

Eric Atkinson, #214214
Northern Correctional Institution
P.O. Box 665
Somers, CT
06071


_____
Lynn D. Wittenbrink
Assistant Attorney General