Eric Atkinson #214214
PLAINTIFF

v

Kevin Schibi ET. AL
DEFENDANTS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
2004 FEB 11 P 1:09

PRISONER
CIVIL NO. 3:01CV1971 (PCD)(JGM)

January 23RD, 2004

## Brief In Support Of Summary Judgement Motion.

### STATEMENT OF THE CASE.

This is a civil rights §1983 action filed by a pro-se plaintiff prisoner at Northern Correctional Inst. seeking damages and declaratory judgement based upon the "EXCESSIVE" "MIS" USE OF FORCE". In this motion plaintiff seeks summary judgement on his claims arising from the excessive use of force by prison official defendants.

### STATEMENT OF THE FACTS.

As set forth in the accompanying declaration of the plaintiff, Eric Atkinson #214214 stuck his arm out of the food slot trap in a passive protest to be moved out of the unit, possessing no weapon, liquid substance etc... Prison officials contend their "penological justification" was to secure the food slot trap, could've easily been achieved after plaintiff relinquished the trap. Instead of securing the trap defendants maced him several times, beat him by kicking and punching him and sicced K-9 Rex on him while standing atop his desk requiring medical attention and 11 sutures and sutured plaintiff while 4 pt. restrained to the bed.

The defendants "maliciously" showed plaintiff they were in charge

and he dictates nothing 4 pt. restraining him for punishment not because he was a threat to hisself, others and/or property. Plaintiff received 2 disciplinary reports, interferring with safety and security for holding trap and disobeying a direct order for refusing to lay down on floor in the prone position to be beaten easily, not threats, weapons or other serious disciplinary offense.

## ARGUMENT.
### Point 1

Courts have long ago decided that excessive use of force to prisoners will not be tolerated and violates the constitution. When prison officials maliciously used force to cause harm, contemporary standards of decency always are violated. Hudson v McMillian, 503 U.S. ___ 112 S.Ct. 995, 1000 (1992).

The Constitution may be violated by relatively small amounts of force used maliciously, excessively and w/out penological justification. Felix v McCarthy, 939 F.2d 699, 701-02 (9th Cir 1991); Jones v Huff, 789 F.Supp. 526, 536 (NDNY 1992).

Even when the need for force exist, the use of completely excessive amounts violates the constitution. Lewis v Downs, 774 F.2d 711, 714-15 (6th Cir 1985); Martinez v Rosado, 614 F.2d 829, 830-32 (2nd Cir 1980); Brown v Riche, 660 F.Supp. 281, 286 (NDIll 1987).

Maliciously appliance of force once penological objective has been achieved and avoid the escalation of incident an excessive use of force violates the constitution. Prison officials did not have to beat plaintiff, sic K-9 Rex on plaintiff, continuously spray chemical agent in to cell and force

MEDICAL TO PERFORM SUTURING ON PLAINTIFF WHILE HE WAS IN 4 pt. RESTRAINT USE OF FORCE W/OUT ANESTHETIC. INFLICTING MORE PAIN MALICIOUSLY.

## Conclusion.

For the foregoing reasons, the court should grant summary judgement on liability to the pro-se plaintiff on his excessive use of force claim.

---

*Eric Atkiselle*

Respectfully Submitted.
*Eric Atkiselle*
PRO-SE PLAINTIFF #214214

Northern Correctional Inst.
287 Bilton Rd.
P.O. Box 665
Somers, CT. 06071-0665

# CERTIFICATION.

I, HEREBY CERTIFY THAT A COPY OF THE FOREGOING WAS MAILED U.S. MAIL ON MONDAY, JANUARY 26TH, 2004 TO:

Asst. Atty. General Lynn D. Wittenbrink
   110 Sherman St.
Htfd., Ct. 06106

*Eric Atkins*

Eric Atkins
PRO-SE PLAINTIFF.
Northern Correctional Inst.
287 Bilton Rd.
P.O. Box 665
Somers, Ct. 06071-0665.