**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT.**

Eric Atkinson #214214
PLAINTIFF

v.

Kevin Schibi, ET AL.
DEFENDANTS

PRISONER
CIVIL NO. 3:01CV1971 (PCD)(JGM)

FEBRUARY 16TH, 2004

## Plaintiff's Trial Preparation Order (Sec. A1-A6).

**CLAIMS OF FACTS UNDISPUTED**

A1.1  The pro-se plaintiff Eric Atkinson #214214 was at all times relevant incarcerated at Northern Correctional Institution.

A1.2  Plaintiff stuck his arm out of the food slot trap refusing to allow prison official to secure it, in a passive protest. Plaintiff possessed no weapon(s), liquid substance, bombs etc...

A1.3  Prison official defendants summoned a Correctional Emergency Response Team (CERT) extraction team for a "minor" food slot trap impediment.

A1.4  Plaintiff did receive misconduct reports for interferring w/safety and security and disobeying a direct order.

A1.5  Prison officials contend they needed to secure the food slot trap, but once plaintiff saw the dog coming he became frightend and relinguished the trap and the defendants "continued" to use force maliciously w/the intent to cause harm; injury rather than to restore order.

A1.6 Plaintiff had to receive medical treatment, requiring 11 sutures as a result of the November 3rd, 2000 "excessive use of force" incident

A1.7 Prison official defendant "sicced" K-9 Rex on plaintiff while atop desk in his cell. The defendants penological objective rationalization for use of force (to secure the food slot trap) could've reasonably been achieved w/out the "excessiveness".

A2.1 Medical Incident Report of APRN S. Katz-Feinberg (marked ex. 1) relates to A1.6.

A2.2 Misconduct Report issued to plaintiff (marked ex. 2 & 3 respectively) relates to A1.4, A1.2, A1.5.

A2.3 November 3rd, 2000 Incident Report of def. Schibi (marked ex. 6) relates to A1.7.

A2.4 Canine Bite Report of def. Schibi (marked ex. 7) relates to A1.5 & A1.7.

A2.5 November 3rd, 2000 Incident Report of def. Zacharewicz (marked ex. 5) relates to A1.2, A1.5 & A1.7

Sec. 1983 of title 42 of the USC under which this action has been brought provides that any inhabitant of this judicial district may seek redress through this court, by way of damages, against any person or persons who, under color of law

privation of any rights, privileges or immunities secured or protected by the Constitution or any laws of the U.S.

No fixed amount of force violates the Constitution, but when there is no need for force, relatively small amounts of force, even a push or a shove may violate the Constitution. [Jones v Huff, 789 F.Supp. 526, 536 (N.D.N.Y. 1992); Hewett v Jarrad, 786 F.2d 1080, 1085-86 (11th Cir. 1986); Lindsey v City of St. Paul, 732 F.Supp. 1000, 1002-03 (D.Minn. 1990).]

Force used to cause harm; maliciously violates the Constitution. [Whitley v Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986); Hudson v McMillian, 503 U.S. ___, 112 S.Ct. 995, 998-99 (1992).] Here in the instant case officials contend they needed to secure the food slot trap in which the plaintiff stuck his arm out of, a minor trap impediment. Officials called for an extraction "Correctional Emergency Response Team" (CERT) an K-9 Unit was "excessively, objectively unreasonable", completely out of proportion to the need. Officials clearly acted "maliciously" (emphasis added) and not in some good faith effort to maintain discipline. Once the plaintiff relinquished the food slot trap the need for force, officials penological rationale, no longer existed. Therefore any force used after relinquishing the trap was done w/ malice; intent to cause harm. [See Fisher v Koehler, 692 F.Supp. 1519, 1563 (S.D.N.Y. 1988), aff'd. 902 F.2d (2nd Cir. 1990).]

Once plaintiff relinquished the food slot trap prison officials penological objective rationalization to "secure" trap could've have easily been achieved but officials, after to inflict pain, cause harm, gloat on who's in charge enter the plaintiff's cell, beat him, sic K-9 Rex on him and 4-pt. restrain plaintiff, not to restore/maintain order in violation of the U.S. Constitution.

Proposed Exhibits List.

1. Medical Incident Report of APRN S. Katz-Feinberg.

2. Int. w/Saf. & Sec. Disciplinary Report.

3. D.A.D.O. Disciplinary Report.

4. Administrative Directive 9.5 Code of Penal Discipline.

5. Incident Report of Shft. Cmndr. Zacharewicz.

6. Incident Report of K-9 Handler K. Schibi.

7. Canine Unit Bite Report.

8. Administrative Directive 6.5 Use of Force.

9. I/M Grievance Level 1 & 2 (2-pges.).

10. Polaroid photocopy of K-9 bite injury.

At this time there are no witnesses expected to be called.

At this time there is no physical evidence. Due to my incarceration

HAS BEEN DESTROYED AND/OR RETAINED BY THE DEFENDANTS.

Respectfully Submitted.
*Eric Otkiner* [signature]
PRO-SE PLAINTIFF
Northern Correctional Inst.
287 Bilton Rd.
P.O. Box 665
Somers, Ct. 06071

# CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF TRIAL PREPARATION ORDER (SEC. A) HAS BEEN MAILED, US MAIL ON THIS 17TH DAY OF FEBRUARY 2004 TO:

Mackenzie Hall
Asst. Atty. Gen. Lynn D. Wittenbrink
110 Sherman St.
Htfd., CT. 06105-2294

*Eric Atkinn*
PRO-SE PLAINTIFF