UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ERIC ATKINSON            :
                         :     PRISONER
     v.                  :     CASE NO. 3:01CV1971(PCD)(JGM)
                         :
KEVIN SCHIBI et al.[1]   :

RULING AND ORDER

Plaintiff Eric Atkinson ("Atkinson"), an inmate confined at Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. The only remaining claim in this action is that the defendants used excessive force against Atkinson on November 3, 2000. Atkinson has filed a motion for summary judgment as to liability. For the reasons that follow, Atkinson's motion for summary judgment is denied.

---

[1] The named defendants are Kevin Schibi, Wilbur Strozier, C/O Farley, C/O Donovan, Lt. D. Oglesby, C/O Graziano, C/O Reynolds, C/O Chris Pilon, Michael Zacharewicz, William Faneuff, Michael Lajoie, Patricia Wollenhaupt, Saundra Katz Feinberg, Ed Lehman, Michael Lyman, Colleen Crisinati, Dorothy Synircie and Nancy Hill, all named in their individual capacities only and Warden Larry Myers, named in his official and individual capacities. On March 31, 2003, the court granted defendants' motion to dismiss all claims relating to medical care, conspiracy and falsification of documents and directed the Clerk to terminate as defendants Patricia Wollenhaupt, Saundra Katz Feinberg, Ed Lehman, Michael Lyman, Colleen Crisinati, Dorothy Synircie and Nancy Hill. The case proceed on the excessive force claim only.

I.  Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270

(WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991). A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National

3

Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II.  Facts

Atkinson wanted to be transferred to another housing unit within Northern Correctional Institution. On October 31, 2000, Atkinson put his arm through the food "trap" in the cell door and refused orders to remove his arm and permit correctional staff to secure the trap. The unit manager was able to convince Atkinson to remove his arm without incident.

The following day, at approximately 11:40 a.m., Atkinson again put his arm through the food trap and refused to remove it. Atkinson refused to comply with several direct orders to remove his arm and could not be persuaded to comply. An extraction team was summoned to the cell. Chemical agents were applied with little effect. The extraction team entered the cell and restrained Atkinson with difficulty. Atkinson struggled, attempted to charge out of the cell and attempted to bite correctional staff. Following the incident, Atkinson was confined in four-point restraints. The initial restraints were changed to soft restraints after Atkinson was decontaminated. Atkinson was released from four-point restraints on November 2, 2000, and issued a disciplinary report for interfering with safety and security.

On November 3, 2000, less that twenty-four hours after his release from four-point restraints, Atkinson again put his arm through the food trap and refused orders to remove it. Unit

supervisors were unable to persuade Atkinson to remove his arm. An extraction team, including a canine officer, again was summoned and Atkinson was cautioned that failure to comply with lawful staff orders would result in the use of force, including chemical agents and the canine. When the extraction team arrived, Atkinson had pushed his mattress against the door to obstruct the use of chemical agents. With some difficulty, staff pushed aside the mattress and opened the door. Instead of complying with orders to turn his back to staff and present his hands to be cuffed, Atkinson jumped onto the desk at the rear of his cell. Use of the chemical agent had no effect. Staff used the canine to subdue Atkinson and entered the cell to apply restraints. Atkinson was placed in four-point restraints and received medical treatment, including eleven sutures to close the laceration received from the dog bite.

III. Discussion

Atkinson argues that there is no dispute that defendants used chemical agents and a canine against him and asks the court to hold that these actions constitute use of excessive force as a matter of law. In support of his motion, Atkinson has provided a portion of the incident report for the November 3, 2000 incident and his declaration in which he states that he was not resisting correctional staff when the canine was used. In opposition, defendants have provided the complete incident report, which includes a more detailed description of the incident including a

different description of Atkinson's behavior toward the correctional staff.

The parties have provided differing versions of events relating to the use of force against Atkinson on November 2, 2000. When reviewing a motion for summary judgment the court cannot evaluate the evidence or make credibility determinations. See Amnesty America v. Town of West Hartford, 361 F.3d 113, (2d Cir. 2004) (noting that "Court is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments") (internal quotation marks and citation omitted). See also Agosto v. INS, 436 U.S. 748, 756 (1978) ("[A] district court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented"); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial").

Viewing the evidence in the light most favorable to defendants, the nonmoving party, the court concludes that there is a genuine issue regarding Atkinson's conduct and the level of force required to subdue him. Accordingly, Atkinson's motion for summary judgment is denied.

IV.  Conclusion

Atkinson's Motion for Summary Judgment [doc. #58] is DENIED. This case will proceed to trial on the excessive force claim.

SO ORDERED this ___10th___ day of May, 2004, at New Haven, Connecticut.

```
                              _____
                              Peter C. Dorsey
                              United States District Judge
```