-7-

**Appendix A**

FILED
Aug 20  1 33 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

ERIC ATKINSON

vs.                                CIVIL NO. 3:01CV1971 (PCD)(JGM)

KEVIN SCHIBI, ET AL.

## SECTION C TRIAL PREPARATION ORDER COMPLIANCE

- The names, addresses and telephone numbers of the attorneys who will try the case.

- Whether the case is a jury or court case.

- A realistic estimate of trial time required for the presentation of such party's case.

- Whether the parties have agreed to have the case tried by United States Magistrate Judge Joan G. Margolis, and thereupon enter final judgment.

- A list of any further proceedings prior to trial, setting forth the reasons and necessity therefor.

- Whether settlement, assisted by a settlement conference, is reasonably likely.

Eric Atkinson

v

Kevin Schibi, et al.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

3:01CV1971 (PCD)(JGM)

August 3rd, 2004

## Section C Trial Preparation Order Compliance.

1. Pro-Se Plaintiff    Eric Atkinson
   287 Bilton Rd.
   Somers, Ct. 06071-0605
   (860) 763-8600 ext. 8646

2. Jury trial is requested

3. 3 days

4. Yes. US Magistrate Judge Joan G. Margolis

5. Yes. Pro-Se plaintiff will make oral arguments to this Court for the appointment of counsel.

6. Possibly. Plaintiff has made a proposed settlement offer to the defendants which was rejected. The proposed settlement offer was for $500.00 (five hundred dollars)

PRO-SE PLAINTIFF
Eric Atkinson

```
                        UNITED STATES DISTRICT COURT
Eric Atkinson          : DISTRICT OF CONNECTICUT
      v                :
Kevin Schibi, et. al   : 3:01CV1971(PCD)(JGM)
                       :
                       : August 3rd, 2004
```

## SECTION C
## OF TRIAL MEMORANDUM

C.1

1. Disagree. Correctional Officer Melbourne at all times relevant to the November 3rd, 2000 incident acted in a conspiratorially, malicious & sadistic manner. See offical report in plaintiffs Amended Complaint.

2. Disagree. Lieutenant Dennis Oglesby, now Captain at all times relevant to the November 3rd, 2000 incident acted in a conspiratorially, maliciously & sadistic manner. See offical report in plaintiffs Amended Complaint.

3. Disagree. Correctional Officer Hull at all times relevant to the November 3rd, 2000 incident acted in a conspiratorially, malicious & sadistic manner.

4. Disagree. Corr. Off. W. Strozier at all times relevant to the Nov. 3rd, 2000 incident acted in a conspiratorially, malicious & sadistic manner. See offical report in Amended Complaint.

5. Disagree. Corr. Off. J. Donovan at all times relevant to the Nov. 3rd,

13. Disagree. Corr. Off. Graziano at all times during the Nov. 3rd, 2000 incident acted in a conspiratorially, sadistic & malicious manner. See report in Plaintiffs' Amended Complaint.

14. Disagree. Corr. Off. Reynolds at all times relevant to the Nov. 3rd, 2000 incident acted in a conspiratorially, sadistic & malicious manner. See report in Plaintiffs' Amended Complaint.

15. Disagree. Corr. Off. Pilon at all times relevant to the Nov. 3rd, 2000 incident acted in a conspiratorially, sadistic & malicious manner. See report in Plaintiffs' Amended Complaint.

16. Disagree. Corr. Off. Lyons to the best of Plaintiffs knowledge was not involved in the Nov. 3rd, 2000 malicious & sadistic conspiratorially incident of excessive use of force.

17. Disagree. Corr. Off. Schibi at all times relevant to the Nov. 3rd, 2000 incident acted in a conspiratorially, malicious & sadistic manner. See report in Plaintiffs Amended Complaint and First Set of Admissions.

18. Disagree. Captain Zacharewicz, at all times relevant to the Nov. 3rd, 2000 incident acted in a conspiratorially, malicious & sadistic manner. See report in Plaintiffs Amended Complaint.

19. Duplicated. See response #3.

20. Disagree. Corr. Off. De'Matteo to the best of Plaintiffs knowledge, was not involved in the Nov. 3rd, 2000 excessive use of force incident.

21. Disagree. Corr. Off. B. Loubier to the best of the plaintiffs knowledge was not involved in the conspired, sadistic & malicious excessive use of force incident on Nov. 3rd, 2000.

22. Disagree. All claims against medical personnel involved in this incident was dismissed.

23. Disagree. Capt. D. Carroll to the best of plaintiffs knowledge was not involved in the conspiratorially, malicious & sadistic excessive use of force incident of Nov. 3rd, 2000.

24. Disagree. All claims against medical personnel involved in this Nov. 3rd, 2000 conspiratorially, malicious & sadistic excessive use of force was dismissed.

25. See #24

26. See #24

27. See #24

28. Disagree. Lt. Casey to best of plaintiffs knowledge was not involved in the Nov. 3rd, 2000 conspiratorially, malicious & sadistic excessive use of force incident.

29. Disagree. To the best of plaintiffs knowledge the named individual was not involved in the Nov. 3rd, 2000 conspiratorially, malicious & sadistic excessive use of force.

44. DISAGREE. PLAINTIFF WAS MALICIOUSLY BEATING AFTER RELINQUISHING HIS FOOD SLOT TRAP AND HAD A DOG SICCED ON HIM BY THE DEFENDANTS

45. AGREE. THIS MATTRESS DID NOT PREVENT DEFENDANTS FROM SECURING THE FOOD SLOT TRAP

46. DISAGREE. A K-9 WAS USED TO MALICIOUSLY PUNISH PLAINTIFF

47. DISAGREE. K-9 HANDLER SICCED HIS K-9 ON PLAINTIFF AFTER HE HAD RELINQUISHED THE FOOD SLOT TRAP. SEE K-9 REPORT.

48. DISAGREE. PLAINTIFF WAS BEING PUNCHED, KICKED & YELLED AT BY THE EXTRACTION TEAM.

49. DISAGREE. THE CONTINUED USE OF CAPSTUN SPRAY (MACE/CHEMICAL AGENT) WAS TO FURTHER MALICIOUSLY & SADISTICALLY ABUSE PLAINTIFF.

50. DISAGREE. PLAINTIFF'S HEAD ONLY WAS DUNKED INTO A SHOWER STALL, DECONTAMINATION?, AND MEDICAL PERSONNEL DID APPLY 11 SUTURES TO PLAINTIFFS' RGHT. THIGH IN AN UNSANITARY ENVIRONMENT WHILE IN 4 PT. RESTRAINT.

51. AGREE. AFTER DEFENDANTS HAD AMPLE TIME TO SECURE THE FOOD SLOT TRAP.

C.2

1. DISAGREE. PRIOR INCIDENT (OCT. 31ST, 2000) "DOES NOT" GIVE PRISON OFFICIALS FREE REIGN TO MALICIOUSLY ABUSE PLAINTIFF ON NOV. 3RD, 2000

2. Disagree. See response #1

3. Disagree. Plaintiff relinquished the food slot trap and ran to the back of his cell and got on his cell desk. Defendants could've secured the trap and force should've ceased immediately.

4. Disagree. See response #1.

5. Disagree. See response #1.

6. Disagree. See response #1.

C. 3

1. Disagree. Infliction of injuries such as bruises and abrasions will be found to be unconstitutional if there was "no need to use the force". Hudson v. McMillian, 112 S.Ct. at 1000; Franklin v Aycock, 795 F.2d 1253-1257 (6TH CIR. 1986); Harrison v Byrd, 765 F.2d 501-504 (5TH CIR.); Jones v Huff, 789 F.Supp 526-536 (N.D.N.Y. 1992); Corselli v Coughlin, 842 F.2d 23, 26-27 (2ND CIR 1987).

2. Disagree. Id.

3. Disagree. Id.

4. Disagree. Prison officials (the defendants) contend they needed to secure the food slot trap and once they were able to do so, did not, but did maliciously abuse plaintiff. Id.

5. Agree. But substansial force used after you had stopped or been stopped from whatever you were doing, or when you were restrained or locked in a cell may be unconstitutional. *Id*.

6. Disagree. *Id*.

C.4

1. Plaintiff will use the defendants exhibits and admissions.

C.5

1. No objections at this time although more than half this witnesses expected to be called <u>were not</u> present and/or involved in the Nov. 3rd, 2000 conspiratorially malicious & sadistic incident.

C.6

1. Agree.

PRO-SE PLAINTIFF
Eric Atkins
Northern Correctional Inst
287 Bilton Rd.
P.O. Box 665
Somers, Ct. 06071-0665