**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Eric Atkinson                          :          3:01CV1971(PCD)(JGM)

          v.                           :

Kevin Schibi, et al                    :          August 27, 2004

**SECTION C**
**OF TRIAL MEMORANDUM**

Face Sheet in Compliance with Appendix A of Trial Preparation Order:

A)      The defendants in this matter will be represented by Assistant Attorney
General Lynn D. Wittenbrink
110 Sherman Street, Hartford CT 06105, 860-808-5450.
She may be assisted by Assistant Attorney General Neil Parille, same address and
telephone number.

B)      This is a jury case.

C)      The defendants realistically expect 3 days to present their case.

D)      The parties have not agreed to a Magistrate Judge as of this date.

E)      No further proceedings other than the trial are anticipated.

F)      Settlement seems unlikely at this time given the difference in position of the

parties.

Plaintiff's Claims of Fact:

A1.1    -    Agreed.

A1.2    -    Defendants do not agree, and will present evidence to the contrary.  The evidence will consist of testimony by officers present on the scene.

A1.3    -    Defendants do not agree, and will present evidence to the contrary.  The evidence will consist of testimony by officers present on the scene, as well as Incident Reports.

A1.4    -    Agreed.

A1.5    -    Defendants do not agree, and will present evidence to the contrary.  The evidence will consist of testimony by officers present on the scene, as well as Incident Reports.

A1.6    -    Defendants do not agree, and will present evidence to the contrary.  The evidence will consist of testimony by officers present on the scene, as well as Incident Reports.

A1.7    -    Defendants do not agree, and will present evidence to the contrary.  The evidence will consist of testimony by officers present on the scene, as well as Incident Reports.

A2.1    -    See response to A1.6.

A2.2    -    See responses to A1.4, A1.2 and A1.5.

A2.3    -    See responses to A1.7.

A2.4    -    See responses to A1.5 and A1.7.

A2.5    -    See responses to A1.2, A1.5 and A1.7.

Plaintiff's Claims of Law

ATTACHMENT 1.    Disagree.  *Hudson v. McMillan*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986); *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.) *cert. denied*, *sub nom John v. Johnson*, 414 U.S. 1033 (1973).

ATTACHMENT 2.    The plaintiff did not relinquish the food trap.  Testimony and Incident Reports to be produced.

ATTACHMENT 3.    The plaintiff did not relinquish the food trap.  He was not beaten.

7)     **Jurisdiction**

Defendants deny jurisdiction.  Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331, 1332, 1343(3), 1361, and 1367.  This is an action brought under 42 U.S.C. § 1983.

8)     **Cause of Action**

The plaintiff seeks monetary damages under 42 U.S.C. § 1983 claiming excessive force. He seeks compensatory and punitive damages from 12 defendants sued individually.

9)     **Proposed Voir Dire Questions**

1.     This is a civil rights action for money damages brought by the plaintiff, Eric Atkinson, a state prisoner, who had been convicted,  sentenced, and then  transferred to Northern Correctional Institution, in Enfield Connecticut. The defendants are present or former state Department of Correction employees and officials. Would any of you have trouble sitting on such a case brought by a former state prisoner?

2.     Plaintiff claims that excessive force was used upon him when, for the third time in a week, he refused to abide by direct orders given to him by Correctional officials, who utilized a canine to take the plaintiff out of his cell.  The defendants claim that they did everything in their power to minimize any injury to the plaintiff inmate, Correctional staff, and other inmates. Would any of you have difficulty being fair and impartial in considering such a case?

3.     Do you or does any member of your family know the plaintiff, defendants, attorneys or any of the named witnesses in this case?

4.     This case involves a claim by a prison inmate alleging that he was assaulted by Correction Officers.  he defendants are Connecticut prison officials.  Have you or has any member of your family had any experience with any prison, prisoner or prison official, or any state or local police officer which would prevent you from considering the evidence impartially and fairly?

5.     The Court will instruct you on the law which you are about to apply to the facts as you find them.  One of these instructions will be that the burden of proof on all

material facts rests on the plaintiff.  Do you believe that you might have trouble accepting that instruction?

6.    The Court will instruct you on the law which you are about to apply to the facts as you find them.  One of these instructions will be that the plaintiff must prove more than negligence and that he must prove that force was used maliciously and sadistically for the very purpose of causing harm.  Do you believe that you might have trouble accepting that instruction?

7.    Does anyone believe that monetary damages must be awarded to the plaintiff just because he has filed a lawsuit?  Just because he claims he has been injured?

8.    A portion of the testimony in this case will come from doctors or other medical personnel and/or  prison employees.  Have you or has any member of your family had a personal experience which would make it difficult for you to believe their testimony?

9.    Have you or any member of your family or any close friend ever been an inmate in a Correctional facility?

10.    (a)   Is any member of your family or close friend an attorney?

(b)   Do you or does any member of your family  or any close friend work for an attorney?

11.    The Court will instruct you that each defendant must be judged on the basis of his own conduct.  The actions of one defendant cannot be imparted to another.  Do you believe that you might have difficulty accepting that instruction?

12.    Have you or has any member of your family ever been assaulted?

13.     Have you been in a dispute with the State, a state official or law enforcement officer?

14.     Have you ever filed a claim for money damages?

15.     Have you ever been a party in a lawsuit or has any member of your family or any close friend ever been a party in a lawsuit?

16.     Have you ever served on a jury before?  If so, please identify the location and nature of the case or cases on which you served.

17.     Do you know anything about this case which would prevent you from deciding this case based upon the evidence and the Court's instructions?

18.     Have you, or has any member of your family or any person close to you, every been arrested by a police officer?

19.     Have you, or has any member of your family, ever filed a formal or informal complaint against a police officer?  Against a correction officer?  If so, please describe the circumstances surrounding the complaint and the outcome thereof.

20.     Have you, or has any member of your family ever felt that your or their constitutional rights were violated by a police officer or a correction officer?  If so, please explain the circumstances.

21.     Have you ever been arrested?  Held in jail?  Visited someone in jail?  If so, do you feel that this fact would influence your ability to render an impartial verdict in this case?

22.     Have you, or has any member of your family ever been employed as a law enforcement official?  If so, please explain in what capacity and what the circumstances were, if any, which led to the termination of that employment.

23.     Do you believe that, in general, correction officers have a tendency to abuse their authority for no good reason?

24.     Do you or does anyone you know work for the State of Connecticut?  If so, who?  In what capacity?

25.     Do you feel that the State's prisons routinely subject prisoners to inhumane treatment or excessive punishment?

26.     Have you or has any member of your family ever been sued by the State of Connecticut or any other governmental agency?

27.     Have you or has any member of your family ever brought suit against the State of Connecticut or any other governmental agency?

28.     Does anyone here have any feelings or beliefs that a person employed by the Connecticut Department of Correction would be more harsh or sadistic than a member of the general public?

29.     Have you, or has any member of your family, ever been involved in what you consider to be a negative or unpleasant experience with the Department of Correction or any employee of the Department of Correction?  If so, explain.

30.     Have any of you heard or read anything about the Department of Correction or its employees which would in any way interfere with your ability to be objective and impartial in this case?

31.     Are you now or were you ever in the position of supervising others in an employment context?

32.     Did you ever participate in any fashion in a civil lawsuit -- as a plaintiff, a defendant

        or a witness? [what were the details, including, how did you feel about the process,

        did you feel the monetary award, if any, was fair?]

33.     Do you own your own home?

34.     Do you feel that if a prisoner has been provided an attorney by the court, or if the

        plaintiff is proceeding pro se  and sued someone, that the person sued must have

        done something wrong?

35.     Is there any reason that you could not give your full attention to this trial?

36.     Do you have any particular feeling about prisoner lawsuits?

37.     Do you have any particular feelings about prisoners generally?

38.     Do you have any feeling about law enforcement personnel, police officers or

        correction officers?

39.     Any particular feelings about Correction Officers, Wardens or the Commissioner of

        the Department of Correction?

40.      Do you or people you know have any experiences with them?

41.     Did you feel you or your friend or relative were treated fairly?

42.     Do you feel prison employees are more worth or less worthy of belief than anyone

        else?

43.     Do you belong to any clubs or organizations?  What are they?  Any groups that deal

        with medical issues?  Gay issues? Prison issues?  Rape?

44.     How did you feel when you received jury notice?

45.     Do you want to serve on a jury?

46.     Why?

47.     Have you ever served on a jury before?

48.     Do you know anyone who works for the Department of Correction?

49.     How were you treated by the Department of Correction?

50.     Do you know anyone who was ever incarcerated?

51.     How far did you go in school?

52.     Is there any reason why you could not be fair and impartial, putting aside all of your

        prejudices and preconceived notions and decide this case solely on the evidence

        introduced at trial and strictly follow the Court's instructions as to the law to be

        applied to the facts?

10)     **Introduction to the Case**

Northern Correctional Institution is the highest security prison within the State of Connecticut Correctional system.  The plaintiff in this lawsuit is an inmate there.  The inmate claims that he was conducting a "peaceful protest" in refusing orders of Correctional personnel when they used excessive force to gain his compliance.  This force included the use of a K-9, or dog.  The defendants, all Correctional officials either formerly or currently assigned to Northern Correctional Institution, do not dispute that force was used.  The defendants claim that the force used was appropriate given the situation at hand, the plaintiff's conduct on the day in question and on previous days, and the plaintiff's own behavior in escalating the incident.  The defendants maintain that, in the risky environment in which they are employed, and given all of the different factors they are required to consider, including their own safety, their use of the K-9 was entirely appropriate.

11)        **Jury Charge and Interrogatory**

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS
## STANDARD CHARGES

## MULTIPLE DEFENDANTS

1.        In his complaint, the plaintiff alleges various acts or omissions with regard to each of the defendants.[1]  The plaintiff has the burden of proving by a fair preponderance of the evidence with regard to <u>each</u>, and I emphasize <u>each</u>, defendant, that the individual defendant against whom these acts or omissions are alleged did, in fact, engage in such conduct and that these acts or failure to act violated the plaintiff's rights as alleged in the complaint and were the proximate cause of the plaintiff's injury.

2.        There are 12 named defendants in this action and although the claims against each are being tried in one case for the convenience of everyone, you must remember that each defendant is being sued individually and is responsible only for his own acts.  Plaintiff bears the burden of proving the individual personal involvement of each individual defendant.  If there is no evidence that a defendant was personally involved, then you must find against the plaintiff and for the defendant who had no personal involvement.

---

[1] Paragraphs 1-22, 33 and 41-51, are based primarily on jury instructions given by the Court in the case of <u>Coleman v. Siedel</u>, 533 F. Supp. 593 (D. Conn. 1980).  Authority for the remaining paragraphs appears in footnotes after each, or, if no authority is cited, the instruction was utilized by the Court in <u>Weber v. Perez</u>, Civil No. B-90-426(WWE)(D. Conn. March 1995).

3.      You must, therefore, consider the plaintiff's allegations against each of the defendants and decide whether the plaintiff has proven by a fair preponderance of the evidence that the individual defendant has committed the acts or omissions which the plaintiff has alleged and that this was the proximate cause of the plaintiff's injury.  By the term "proximate cause" I mean whether or not the individual conduct of the defendants as you find it was a substantial factor in causing the plaintiff's injury.  I will explain the term proximate cause in more detail later.

## **WITNESSES**

4.      Now in respect to the credibility of witnesses:  The credibility of witnesses and the weight to be given to their testimony are matters in which it is your responsibility to determine.

5.      In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness.  You should consider any possible bias or prejudice he may have; his interest or lack of interest, of whatever sort, in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

6.      You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action.  If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it.  In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

7.      The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine.  When a witness testifies inaccurately, but not necessarily in a deliberate attempt to mislead, you may bear this fact in mind, and scrutinize the whole testimony of that witness.  Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it that weight which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

8.      If, however, you conclude that a witness has not only testified falsely but that he had done so intentionally or willfully, the fact casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of his testimony as true.

## IMPEACHMENT BY FELONY CONVICTION

9.      You have heard evidence that the plaintiff was previously convicted of crimes punishable by more than one year in jail.  These prior convictions were put into evidence for you to consider in evaluating the witness' credibility.  You may factor in these convictions in deciding how much of his testimony to accept and what weight, if any, it should be given.[2]

## SECTION 1983

10.      This case comes before the Federal Court because the plaintiff alleges that each of the defendants has denied him his lawful rights secured by the Constitution of the United States and under section of federal law known as the Civil Rights Act, Title 42, United States Code, Section 1983.

---

[2] United States v. Corcione, 592 F.2d 111 (2d Cir.), cert. denied, 440 U.S. 975 (1979); Modern Federal Jury Instructions, d 76.01, Instruction 76-6.  Rule 609(a), Federal Rules of Evidence.

11.     This statute provides, in part, and I am quoting, "Every person who, under color of statute ... of any State ... subjects, or causes ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured ...."

12.     The federally protected right asserted by the plaintiff in this case arises from that portion of the Eighth Amendment of the Constitution of the United States which prohibits the infliction of cruel and unusual punishment  even upon  a convicted felon such as this plaintiff.

## ELEMENTS OF A SECTION 1983 CLAIM

13.     In order to prove each of his claims under Section 1983, the plaintiff must establish, by a preponderance of the evidence, the following three elements:

        a.      First, that the defendants acted under color of the authority of the State of Connecticut.

        b.      Second, that the defendants deprived the plaintiff of his constitutional rights; and

        c.      Third, that the acts of the defendants were the proximate or legal cause of the plaintiff's injuries as alleged in the complaint.

14.     The plaintiff may not recover unless he establishes, by a preponderance of the evidence, each of these elements.[3]

## FIRST ELEMENT-ACTION UNDER COLOR OF STATE LAW

15.     The defendants all acknowledge that they were employed by the Connecticut Department of Correction during the period covered by the Complaint.  The defendants deny that they were

---

[3] Authority:  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68; Court's Instructions to the Jury in King v. Crose, et al., No. 3:93CV-1273(AHN); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981).

personally involved.  I therefore instruct you, as a matter of law, that if you find that a defendant

was working and was present, then the defendants were acting under color of state law during the

time that they were working for the Department of Correction.[4]

## SECOND ELEMENT-DEPRIVATION OF A CONSTITUTIONAL RIGHT – EIGHTH AMENDMENT

16.    Keeping these general requirements of a Section 1983 civil rights claim in mind, I shall

now instruct you concerning the specific constitutional right of which the plaintiff claims he was

deprived.  The plaintiff in this case claims that defendants deprived him of his constitutional

right to be free from cruel and unusual punishment in violation of the Eighth Amendment  by

subjecting him to excessive force on July 24, 1996.

17.    While it is up to you, the jury, to weigh all of the evidence and reach your own

determination as to the facts of this case, there are standards for you to apply in determining

whether the facts found by you constitute excessive force in violation of the Eighth Amendment.

a.) The Eighth Amendment prohibits cruel and unusual punishment.  To prove a violation of the

Eighth Amendment, the plaintiff has the burden to prove  (1) that the deprivation alleged is

"objectively sufficiently serious" such that the plaintiff was denied "the minimal civilized

measure of life's necessities," and (2) that the defendant official possessed a "sufficiently

culpable state of mind" associated with "the unnecessary and wanton infliction of pain."  See

Farmer v. Brennan, 511 U.S. 825, 834, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994) (quoted in

Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)).

---

[4] Authority:  Modern Federal Jury Instructions ¶ 87.03, Instructions 87-70.

## EXCESSIVE FORCE

18.    You should understand that not every push or shove by a correctional officer violates an

inmate's constitutional rights even if in hindsight, it may seem to have been unreasonable or

unnecessary.[5]  Only the unnecessary and wanton infliction of pain constitutes cruel and unusual

punishment forbidden by the Eighth Amendment.[6]

19.    To be cruel and unusual punishment, conduct that does not purport to be punishment at

all must involve more than ordinary lack of due care for the prisoner's interest or safety.[7]

20.    It is intentional cruelty and wantonness that violates the Eighth Amendment.  Thus, if a

prison official makes a good faith error or mistake in judgment, even if it results the infliction of

pain and suffering upon a prisoner, the prison official has *not* violated the Eighth Amendment.[8]

21.    I emphasize:  It is intentional cruelty and wantonness, not mistake or good faith error,

that characterizes the conduct prohibited by the Eighth Amendment.[9]

22.    The infliction of pain by correctional staff upon a prisoner in the course of maintaining

prison security, therefore, does not amount to cruel and unusual punishment simply because it

may appear in retrospect that the degree of force authorized or applied for security purposes was

unreasonable and hence unnecessary in the strict sense.  In making and carrying out decisions

---

[5]   Hudson v. McMillan, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992) quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.) cert. denied, John v. Johnson, 414 U.S. 1033 (1973).

[6]   Whitney, 106 S.Ct. at 1084.

[7]   Whitney, 106 S.Ct. at 1084.

[8]   Whitney, supra, at 1084.

involving the use of force to maintain security and order in a prison, correction officials clearly must take into account the very real threats to security present to inmates and correction staff alike.[10]

23.     Where prison security measures are undertaken to resolve disturbances that clearly pose significant risks to the safety of inmates and prison staff, as the defendants contend is the case here, you can not find liability against the defendants unless you conclude that the force applied was done <u>maliciously and sadistically <i>for the very purpose</i> of causing harm</u>.[11]

24.     The application of force by prison officials in a good faith effort to maintain or restore discipline is perfectly lawful and proper.[12]  To determine whether defendants acted maliciously or wantonly, a court must examine several factors including:  the extent of the injury and the mental state of the defendant, as well as "the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response."  <u>Romano v. Howarth</u>, 998 F.2d 101, 105 (2d Cir. 1993) (citing  <u>Hudson</u>, 503 U.S. at 7).

25.     Indeed, the citizens of the State of Connecticut, through their legislature, have enacted a statute Connecticut General Statute Section 53a-18, which provides, in part, that, correctional officials may, in order to maintain order and discipline within a correctional facility, use such

---

[9]  <u>Whitney,</u> <u>supra,</u> at 1084.

[10]  <u>Id</u>.

[11]  <u>Whitney,</u> <u>supra,</u> at 1084. <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir.) (Friendly, J.), <i>cert. denied sub nom</i>. <u>John v. Johnson</u>, 414 U.S. 1033 (1973).

[12]  <u>Id</u>.

physical force as is reasonable.  Any action taken pursuant to this statute is entirely lawful and proper.[13]

26.    In making any judgments with respect to plaintiff's Eighth Amendment claims, you shall not base your decision upon 20/20 hindsight. You must put yourselves in the place of the defendants during the very moments when these events were occurring and judge their actions as of that time and under those circumstances.[14]

27.    Keep in mind that corrections officials must make their decisions "in haste, under pressure, and frequently without the luxury of a second chance."[15]  Keep in mind also that prison life and relations "between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration."[16]  Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act in a timely fashion so as to maintain safety and security.[17]  Keep in mind, "we are considering a large, confined population of convicted felons, not a nursery school."[18]  If you find that the defendants acted in a good-faith effort to maintain and restore discipline, no constitutional

---

[13]  C.G.S. Sec. 53a-18.

[14]  Graham v. Connor, 490 U.S. 392, 396, 109 S.Ct. 1865, 1872 (1989); Johnson v. Glick, 481 F. 2d 1028, 1034 (2d. Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462 (1973).

[15]  Hudson v. McMillian, 503 U.S. at 6, 7, 112 S.Ct. at 999.

[16]  Wolf v. McDonnell, 418 U.S. 539, 561-62, 94 S.Ct. 2963, 2977-78 (1974).

[17]  Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977).

[18]  Battle v. Anderson, 788 F.2d 1421, 1426 (10th Cir. 1986).

violation has occurred.[19]   Therefore, if you make such a finding you should find for the defendants. If you conclude that a defendant used force maliciously and sadistically for the very purpose of causing harm, then you shall find that individual defendant liable and find against that defendant and for the plaintiff.

## NEGLIGENCE IS NOT A GROUNDS TO FIND FOR PLAINTIFF

28.     An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Again, you may not find for the plaintiff against the defendants if you find that the defendants' actions were merely negligent.  I emphasize:  the defendants must have been more than negligent in order for you to find them liable.  They must have acted sadistically and maliciously for the very purpose of causing harm to the plaintiff or they must have acted with the requisite culpable state of mind as explained above.[20]

## THIRD ELEMENT - PROXIMATE CAUSE

29.     The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.   An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's acts or omissions.  If an injury was a

---

[19]  Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

[20]  Authority:  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

direct result or a reasonably probable consequence of each defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

30.     In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants.  If you find that the plaintiff is complaining about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

31.     A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

32.     A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.  Nor would a defendant be liable if the plaintiff caused his own injuries through his behavior or actions.

33.     If you find that the plaintiff suffered some injury but that his injury was the result of his own behavior or some other intervening factor, then the defendants would not be liable for his injury.[21]

---

[21]     Authority:  Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977).

## INSTRUCTIONS ON AFFIRMATIVE DEFENSES QUALIFIED IMMUNITY

34.     If you find that none of the defendants deprived the plaintiff of his Eighth Amendment rights, then you need not consider any of the defendants' affirmative defenses.  However, in the event that you should find that any of the defendants did deprive the plaintiff of his Eighth Amendment rights, the defendants still may not be liable to the plaintiff.  In this sort of lawsuit, an individual defendant may be entitled to what is called qualified immunity.

35.     Qualified immunity shields a public official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that prison inmates enjoy a right to be free from the malicious and sadistic application of force by a prison official which is intended to cause harm to the inmate.  However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those clearly established right.

36.     To put it the other way, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of he knew or should have known that his actions were contrary to federal law.  The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

37.     In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the

circumstances which confronted him.  You must ask yourself what a reasonable official in each

defendant's situation would have believed about the legality of his or her conduct.  You should

not, however, consider what these defendants' subjective intent was, even if you believe it was to

harm the plaintiff.  The relevant question is what a *reasonable* official in the defendant's

situation would have thought about the legality of his or her conduct.  If you find that a

reasonable official in a defendant's situation would believe this conduct to be lawful, then he or

she is entitled to qualified immunity.

38.    The defendants have the burden of proving that they neither knew or should have known

that their actions violated federal law.  If a defendant convinces you by a preponderance of the

evidence that he neither knew nor should have known that his actions violated federal law, then

you must return a verdict for that defendant, even though you may have previously found that

that defendant in fact violated the plaintiff's constitutional rights under color of state law.

39.    Similarly, if a defendant convinces you by a preponderance of the evidence that

reasonable correctional officers could disagree over whether his actions violated federal law,

then you must return a verdict for that defendant, even though you may have previously found

that the defendant in fact violated the plaintiff's constitutional rights under color of state law.[22]

## IMMUNITY FROM PERSONAL LIABILITY

40.    As a state official, a defendant is immune from personal liability by Conn. Gen. Stat. §

4-165, and is protected by the State of Connecticut from financial loss and expenses arising out

of a judgment entered against him for depriving any person of his civil rights, if the deprivation

---

[22] Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232,
94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v.

was not wanton, reckless or malicious, and provided that the defendant, at the time of the acts

resulting in such deprivation, was acting in the discharge of his duties or within the scope of his

employment. If you award the plaintiff damages because of wanton, reckless or malicious

conduct of defendant, you should keep in mind that the immunity provision may not apply and

the defendant may be personally liable for such an award.

41.     Members of the jury, you are also instructed that, as a matter of law, Conn. Gen. Stat. §

4-165 provides, in part, that:

> No state officer or employee shall be personally liable for damage or injury, not
> wanton, reckless, or malicious, caused in the discharge of his duties or within the
> scope of his employment.  Any person having a complaint for such damage or
> injury shall present it as a claim against the state [to the claims commissioner].

Conn. Gen. Stat.     4-165.  Thus, to the extent that plaintiff seeks money damages from

each defendant in his individual capacity for conduct.[23]

42.     Again, I remind you that you must also find that any intentional or willful acts must be

the proximate or direct cause of injury to the plaintiff.

**DAMAGES**

43.     Because the plaintiff is making a claim for money damages in this case, I must discuss

the law of damages with you.  You should not take this discussion to suggest that the defendants

did violate the plaintiff's rights or that they did not act in good faith.  You should not consider

---

Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078,
1085 (1986).

[23]   Gorlo v. Ramik, Civil No. B-89-190 (TFGD), Ruling on Defendant's Motion to Dismiss
(D.Conn., October 6, 1989).

the question of damages at all, unless you have first determined that the defendants did violate the plaintiff's rights and that they did not act in good faith.

44.    I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

45.    And I want to repeat here that with regard to the matter of injuries and the matter of the damages, the same rule relative to the burden of proof on the plaintiff still applies.  In other words, the burden is on the plaintiff to prove these elements of damage by a fair preponderance of the evidence.  Just as it was in connection with his claimed allegations on the issue of liability.

46.    Plaintiff may not recover for emotional or mental distress alone.  Plaintiff may only recover for emotional and mental distress if he first establishes that he suffered a physical injury as a result of defendants' actions.[24]

47.    When monetary damages are sought in a lawsuit brought under Title 42, Section l983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that each defendant against whom money damages are sought was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights.[25]

48.    If you find under the previous instructions that one or more of the defendants is liable to pay for damages you must say which of the defendants is so liable and what are the just damages which you have determined.

---

[24] 42 U.S.C. § 1997e.

[25] Johnson v. Glick, 481 F.2d 1083.

49.     In this regard, you should keep in mind that although all of the defendants are officers or employees of the State of Connecticut, they are being sued in their individual capacities and hence are exposed to payment of any damages which you award in their individual capacity.

50.     You may also keep in mind that the plaintiff is an inmate whose daily living expenses, including medical expenses, are being paid for by the State of Connecticut.

51.     There are two kinds of damages claimed by the plaintiff in this case.  The first is compensatory damages; that is, a sum of money to compensate the plaintiff for the denial of his federal constitutional rights for the alleged wanton and willful assault upon his person.

52.     In estimating damages in a case of this sort, you are not at liberty to guess or infer what the damages are.  You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove, by a fair preponderance of the evidence, the amount of the damages to which he is entitled.  It must be fairly proved that the verdict, if you come to a verdict for him, is one which in your sound judgment represents the damages to which he is entitled under the rule applicable in the situation.

53.     The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual physical injury or loss.  If you do find that a defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered an actual physical injury or loss by virtue of his constitutional rights having been violated, then you may only

award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.[26]

54.    The rule for measuring compensatory damages may be briefly summarized as follows: The plaintiff is to get fair and just compensation for the injuries which he has suffered.  It is for you, in the exercise of your best judgment, to say what is fair and just compensation to him insofar as money will compensate for the injury which he has suffered.  There is no fixed rule which you can apply.  You have to apply sound, common sense in reaching the amount of your verdict.  Of course, in considering that, you are bound by the allegations of the pleadings, and also you must disregard any suffering which has come to him from other causes.[27]

55.    In determining the amount of a damage award, you should also consider that all the plaintiff's medical expenses have been paid by the State of Connecticut.

## ONLY ONE RECOVERY

56.    In considering damages in general, the plaintiff puts forth several grounds for liability.  If you find liability, you may award damages to compensate for the injury, but you may not award damages twice for the same injury.  Having recovered for an injury once, the plaintiff cannot be compensated a second time for the same injury.[28]

---

[26]  Authority:  Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

[27]  See, Wright, Conn. Jury Instructions, Sec. 226a.

[28]  Virgo v. Lyons, 209 Conn. 497, 551 A.2d 1243 (1988).

## NOMINAL DAMAGES

## DAMAGES FOR THE MERE FACT OF VIOLATION

57.     If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

58.     Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation.  The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed one dollar.[29]

## PUNITIVE DAMAGES

59.     The second type of damages which the plaintiff claims in this case is punitive damages. Punitive damages are designed to make an example of or to punish a wrongdoer.

60.     Only if you decide to award compensatory or nominal damages to the plaintiff may you then consider whether or not to award him punitive damages.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct. If you find the issues in favor of the plaintiff and award compensatory

---

[29]  Authority:  Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

damages on a constitutional claim and if you further find that the acts of either one or any of the defendants were done sadistically or maliciously to cause harm to the plaintiff, then you may award punitive damages as you find proper, relating to a constitutional claim.[30]

61.     Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury.  However, bear in mind  punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal. Bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.  They must never be awarded because of bias, sympathy or prejudice with respect to any party to the case.

62.     Even if all the above-noted requirements are met, an award of punitive damages is discretionary, that is, if you find the requirements for punitive damages are satisfied, you may decide to award punitive damages, or may decide not to award them.[31]

## **SPECIAL VERDICT WITH INTERROGATORIES**

63.     I have prepared a verdict form for you to use in recording your decisions which contains interrogatories, or written questions about some of the issues in this case.  These questions are to be answered "yes" or "no."  You should answer every question on this form "except where the form indicates otherwise."

64.     Your verdict must be unanimous and reflect the conscientious judgment of each juror.

65.     The defendants respectfully request leave to supplement this request for jury instructions after the evidence has been presented and prior to the charging conference.

---

[30] <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).
⬟   ⬥▢⬠▣▢■   ☞▣⬠▣▢◯●  ☺◆▢⊠  ✋■◆▢◆▣◆✳▢■◆   ⬠ 87.03,
Instruction 87-92.

## **DEFENDANTS' PROPOSED VERDICT INTERROGATORY FORM**

We, the jury, unanimously find the following:

**Part I, Liability**

1.      Did the plaintiff prove by a preponderance of the evidence that ANY defendant violated plaintiff's Eighth Amendment right to be free from excessive force used against him sadistically and maliciously for the very purpose of causing harm?

_____ Yes      _____ No

**If your answer to this question (1) was NO, then you have completed your deliberations.  Have the foreperson sign and date the form and notify the Clerk that you have reached a verdict.**

**If yes, identify the defendant(s) personally involved:**

**2.**    Did the plaintiff prove that any of the following defendants used force maliciously and sadistically for the very purpose of causing harm:

a.  Schibi _____ (yes) _____(no)

b.  Strozier _____ (yes) _____(no)

c.  Donovan _____ (yes) _____(no)

d.  Farley _____ (yes) _____(no)

e.  Oglesby _____ (yes) _____(no)

f.  Myers _____ (yes) _____(no)

g.  Graziano _____ (yes) _____(no)

h.  Reynolds _____ (yes) _____(no)

i.  Pilon _____ (yes) _____(no)

j.  Zacharwicz _____ (yes) _____(no)

k.  Faneuff _____ (yes) _____(no)

l.  Lajoie _____ (yes) _____(no)

**Qualified Immunity**

3.     If you answered yes as to any given defendant(s), state below whether that defendant or those defendants proved by a preponderance of the evidence that he reasonably believed he was acting in an objectively lawful manner and not in violation of any clearly established rights of the plaintiff?  _____ (yes)  _____(no)

4.     If yes, which defendant(s):

a.  Schibi _____ (yes)  _____(no)

b.  Strozier _____ (yes)  _____(no)

c.  Donovan  _____ (yes)  _____(no)

d.  Farley _____ (yes)  _____(no)

e.  Oglesby _____ (yes)  _____(no)

f.  Myers    _____ (yes)  _____(no)

g.  Graziano _____ (yes)  _____(no)

h.  Reynolds _____ (yes)  _____(no)

i.  Pilon  _____ (yes)  _____(no)

j.  Zacharwicz _____ (yes)  _____(no)

k.  Faneuff    _____ (yes)  _____(no)

l.  Lajoie    _____ (yes)  _____(no)

If you answered yes in question No. 4 as to any defendant you had found violated the plaintiff's rights, then you have completed your deliberations.  You should have the foreperson sign and date the form and report to the Clerk.  Only if you answered yes to any defendant in question 1 and 2 <u>and no as to that same defendant in question 4,</u> then Go to Part II now.

Part II   Damages

5.      Did the plaintiff suffer actual damages proximately caused by the violation of his constitutional rights?   _____ (yes)   _____(no)

6.      If you find that the plaintiff failed to prove actual damages from a cause of action violation and you answered "NO" to all defendants in Question 8, do you find an award of one dollar in nominal damages appropriate?   _____ (yes)   _____(no)

7.       If plaintiff proved by a preponderance of the evidence that he is entitled to compensatory damages, which defendant found liable to the plaintiff caused plaintiff to suffer compensatory damages and what amount is fair and reasonable?

**Amount of Compensatory Damages:**

a.  Schibi  _____

b.  Strozier _____

c.   Donovan   _____

d.   Farley _____

e.  Oglesby  _____

f.  Myers      _____

g.   Graziano _____

h.  Reynolds  _____

i.  Pilon  _____

j.  Zacharwicz  _____

k.   Faneuff      _____

l.  Lajoie      _____

8.      If you answered yes to questions 5 or 7, and keeping in mind the Court's instructions on punitive damages, do you find that the following defendants should be punished or deterred from future misconduct by an award of punitive damages?

_____ (yes)  _____(no)

If yes, what amount of punitive damages should be paid by any given defendant under the law as I have instructed you?

**Amount of Punitive Damages:**

a.  Schibi  _____

b.  Strozier _____

c.   Donovan   _____

d.   Farley _____

e.   Oglesby  _____

f.  Myers      _____

g.   Graziano _____

h.  Reynolds  _____

i.  Pilon   _____

j.  Zacharwicz  _____

k.   Faneuff      _____

l.  Lajoie      _____

When you have finished answering the appropriate questions on this form, you may report your verdict.

This form should be signed and dated by the foreperson.

_____

Foreperson

_____     Date

DEFENDANTS,
Kevin Schibi

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:___/s/_____
          Lynn D. Wittenbrink
          Assistant Attorney General
          Federal Bar No. ct08575
          110 Sherman Street
          Hartford, CT 06105
          Tel.:  (860) 808-5450
          lynn.wittenbrink@po.state.ct.us


## **CERTIFICATION**


I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid

and/or hand-delivered this 27th day of August 2004, to:


Inmate Eric Atkinson #214214
Northern Correctional Institution
287 Bilton Rd.
Somers CT
06510


____/s/_____
Lynn D. Wittenbrink
Assistant Attorney General

003909121